UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Breshaunda Hartwell, individually, and on
behalf of others similarly situated,

             Plaintiff,

vs.

Securian Financial Group, Inc.,

             Defendant.

Case No.

**COLLECTIVE AND CLASS
ACTION COMPLAINT
(JURY TRIAL DEMANDED)**

---

      Plaintiff Breshaunda Hartwell (hereinafter referred to as "Plaintiff") individually
and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC
and Nichols Kaster, PLLP, hereby brings this Collective and Class Action Complaint
against Defendant, Securian Financial Group, Inc. (hereinafter referred to as "Defendant")
for damages and other relief for Defendant's violations of the Fair Labor Standards Act,
29 U.S.C. § 201, *et seq*. ("FLSA") and the Minnesota Payment of Wages Act, Minn. Stat.
§ 181.101, *et seq*. ("MWPA") and alleges of her own knowledge and conduct and upon
information and belief as to all other matters, as follows:

## INTRODUCTION

      1.     Plaintiff brings this action, individually and as a collective action on behalf
of all call center agents[1] who elect to opt-in to this action to recover unpaid overtime wages,

---

[1] As used herein, the term "call center agent" includes individuals handling in-bound calls
and/or making outbound calls from Defendant's clients and customers, who held positions
such as support specialist, tier I specialist, tier II specialist, tier III specialist, and/or
customer service representative.

liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.     Additionally, Plaintiff brings this action, individually and as a Rule 23 class action on behalf of all call center agents to recover earned wages for all hours worked, including overtime hours, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violation of the Minnesota Payment of Wages Act, Minn. Stat. § 181.101, *et seq.* ("MPWA") and attendant regulations.

3.     Defendant provides insurance, investment, and retirement services to clients in the United States and Canada.

4.     Plaintiff and the members of the putative collective and class were employed as call center agents who were responsible for handling inbound and outbound telephone calls from Defendant's clients and customers.

5.     The U.S. Department of Labor recognizes that customer support jobs, like those held by Defendant's call center agents, are homogenous and it issued Fact Sheet #64 in July 2008 to alert customer support employees to some of the abuses which are prevalent in the industry.

6.     One of those abuses, which are at issue in this case, is the employer's refusal to pay call center agents for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id.*

2

7.     More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id.*

8.     Defendant violated the FLSA and MPWA by failing to pay call center agents for their pre-shift time spent starting up their computers and logging into required systems and applications, including time worked in excess of forty (40) hours in a workweek.

9.     Plaintiff seeks unpaid overtime wage and liquidated damages pursuant to the FLSA on behalf of herself and the "FLSA Collective," defined as: *all current and former call center agents who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment. See* 29 U.S.C. §§ 207(a)(1); 216(b).

10.    Plaintiff seeks unpaid straight-time and overtime wage and liquidated damages pursuant to the MWPA on behalf of ("Rule 23 Minnesota Class"), defined as: *all current and former call center agents who worked for Defendant in Minnesota at any time within the three years preceding the commencement of this action and the date of judgment* ("Rule 23 Minnesota Class").

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

12.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over Defendant because it is headquartered in Minnesota.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district.

## PARTIES

15.     Plaintiff Breshaunda Hartwell is a resident of Fridley, Minnesota, and worked for Defendant from approximately October 11, 2021 to approximately March 11, 2022.

16.      She worked remotely from her home in Fridley, Minnesota throughout her employment with Defendant.

17.     Defendant Securian Financial Group, Inc. is a Minnesota corporation with its principal place of business located at 400 Robert Street North, St. Paul, MN 55101.

18.     Defendant's registered agent for service of process in Minnesota is Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113.

## GENERAL ALLEGATIONS

19.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     Defendant employs call center agents to handle inbound and outbound telephone calls from Defendant's clients and customers.

21.     At all times relevant to this action, Defendant was an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

22.     At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

23.     In addition, call center agents were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

24.     At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

25.     Call center agents were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

26.     Defendant "suffered or permitted" call center agents to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

27.     Defendant classified call center agents as non-exempt employees and paid them on an hourly basis without any guaranteed, predetermined amount of pay per week.

28.    Call center agents worked remotely from their homes, at Defendant's headquarters in Minnesota, and at other locations in the United States.

29.    In order to perform their jobs, call center agents were required to start up and log in to various computer systems and applications that were necessary for them to retrieve and process information during calls including, *inter alia*, GlobalProtect, Citrix, and Salesforce.

30.    However, call center agents were not actually "clocked in" for their shifts until *after* the computer start-up/log-in process was complete, meaning that they performed work for which they were not compensated.

31.    Defendant failed to pay call center agents for time spent logging into required systems and applications before their shifts.

32.    The off-the-clock time call center agents spent starting up and logging into required systems and applications directly benefitted Defendant.

33.    The start-up/log-in process was an essential part of the call center agents' job responsibilities.

34.    At all relevant times, Defendant controlled call center agents' work schedule, duties, protocols, applications, assignments and employment conditions.

35.    Despite knowing that Plaintiff and other call center agents performed start-up/log-in activities before their shifts, Defendant and their managers did not make any effort to stop or otherwise disallow this off-the-clock work and instead allowed and permitted it to happen.

36.     Defendant possesses, controls and/or has access to information and electronic data that shows the times call center agents started up and logged into their computer systems and applications each day and the time they logged into their telephone systems.

37.     Defendant is/was able to track the amount of time that call center agents spent in connection with start-up/log-in activities; however, Defendant failed to pay call center agents for such time.

38.     Defendant used its adherence and attendance policies against call center agents by disciplining call center agents if they were not logged into their phones and ready to handle calls by the start of their scheduled shift time.

39.     These policies coerced call center agents into beginning the process of starting up and logging into their computer systems and applications prior to their start of their scheduled shift time.

40.     Defendant's policies and practices deprived call center agents of wages owed for the start-up/log-in activities described above.

41.     Because call center agents often worked in excess of forty (40) hours in a workweek, Defendant's pay practices also deprived them of overtime pay at a rate of 1.5 times their regular rate of pay.

42.     Plaintiff regularly worked in excess of forty (40) hours in a workweek and was not paid for all hours worked in such weeks as a result of the violations alleged herein.

43.     By way of example, during the week of January 23, 2022, Plaintiff worked 41.50 hours on the clock, and spent additional uncompensated time starting up and logging into her computer systems and applications before her scheduled start time.

44.     Defendant knew or should have known that call center agents' time spent in connection with the preliminary start-up/log-in process is compensable under the FLSA and MPWA.

45.     Accordingly, call center agents performed pre-shift work for which they were not compensated.

46.     Defendant's violations of the FLSA were knowing and willful. Defendant was aware of guidance from the DOL and other authorities mandating that call center agents be paid for their time spent performing start-up/log-in activities, and that the call center agents it employed were in fact performing such activities "off the clock," but nonetheless did not pay them for this time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

48.     This action is brought as a collective action to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

49.     Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of the FLSA Collective, defined as:

8

*All current and former call center agents who worked for Defendant in the United States at any time within three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

50.     Plaintiff reserves the right to amend this definition as necessary.

51.     Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

52.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

53.     The employment relationships between Defendant and every FLSA Collective member is the same and differs only by name, location, and rate of pay. The key issues – whether Defendant failed to pay call center agents for preliminary start-up/log-in time, and whether such time is compensable – do not vary substantially among the FLSA Collective members.

54.     Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over one hundred members. The precise number of the FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

55.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, and liquidated damages under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

56.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

57.     Plaintiff brings Count II of this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

*All current and former call center agents who worked for Defendant in Minnesota at any time within the three (3) years preceding the commencement of this action and the date of judgment ("Rule 23 Minnesota Class").*

58.     The members of the Rule 23 Minnesota Class are so numerous that joinder of all members is impractical. The Rule 23 Minnesota Class members may be informed of the pendency of this class action by direct mail, e-mail, and text message.

59.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Minnesota Class, including, but not limited to:

A.     Whether Defendant violated Minnesota law by failing to pay current and former call center agents for all wages earned, including overtime wages;

B.     The proper measure and calculation of damages; and

10

C.      Whether Defendant's actions were willful or in good faith.

60.      Plaintiff's claims are typical of the claims of the Rule 23 Minnesota Class members. Plaintiff is a former employee of Defendant and was employed as a call center agent who has suffered similar injuries as those suffered by the Rule 23 Minnesota Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the MWPA and Minn. R. 5200.0120, subp. 1 has impacted the Rule 23 Minnesota Class in the exact same way.

61.      Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Minnesota Class. Plaintiff, like the other proposed Minnesota Rule 23 Class members, was subjected to Defendant's unlawful timekeeping practices, resulting in its failure to compensate her for all hours worked in violation of Minnesota law. Plaintiff is similarly situated to the Rule 23 Minnesota Class and has no conflict with the Rule 23 Minnesota Class members.

62.      Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

63.      Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Rule 23 Minnesota Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Minnesota Class that would establish inconsistent standards of conduct for Defendant;

B.      Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the MWPA and Minn. R. 5200.0120, subp. 1, have acted or refused to act on grounds generally applicable to the Rule 23 Minnesota Class, thereby making equitable relief appropriate with respect to the Rule 23 Minnesota Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Rule 23 Minnesota Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

64.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Minnesota Class action treatment will allow a large number of similarly situated person to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

65.     Additionally, the damages suffered by each Rule 23 Minnesota Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Minnesota Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Minnesota Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of

conduct for Defendant, and/or substantially impair or impede the ability of each member

of the Rule 23 Minnesota Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
**(Brought on and individual and collective basis)**

66.     The foregoing paragraphs are hereby incorporated by reference as if fully set

forth at length herein.

67.     Pursuant to Section 206(b) of the FLSA, employees must be compensated

for every hour worked in a workweek.

68.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid

overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in

excess of forty (40) hours per week.

69.     In most workweeks, Plaintiff and the FLSA Collective members worked over

forty (40) hours.

70.     Defendant required Plaintiff and the FLSA Collective members to perform

start-up/log-in activities before their shifts, but failed to pay these employees the federally

mandated overtime compensation for all time worked.

71.     The start-up/login activities performed by Plaintiff and the FLSA Collective

members every shift are an essential part of the jobs, and these activities and the time

associated with these activities is not *de minimis*.

72.     In workweeks in which Plaintiff and the FLSA Collective members worked

in excess of forty (40) hours, the uncompensated start-up/log-in time should have been paid

13

at the federally mandated rate of 1.5 times each employee's regular hourly wage, *see* 29 U.S.C. § 207, but instead was not paid at all.

73.    Defendant's violations of the FLSA were knowing and willful. Defendant was aware of guidance from the DOL and other authorities mandating that call center agents be paid for their time spent performing start-up/log-in activities, and that the call center agents it employed were in fact performing such activities "off the clock," but nonetheless did not pay them for this time.

74.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**MINNESOTA PAYMENT OF WAGES ACT**
**Minn. Stat. § 181.101, *et seq.***
**FAILURE TO PAY ALL WAGES EARNED**
**(Brought on and individual and class basis)**

75.    The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

76.    Plaintiff and members of the proposed Minnesota Rule 23 Class are current and former employees of Defendant within the meaning of Minn. Stat. § 181.101.

77.    Defendant at all relevant times was an employer within the meaning of Minn. Stat. § 181.171, subd. 4.

78.    Defendant was required by agreement to pay Plaintiff and the proposed Minnesota Rule 23 Class for all hours worked.

79.     Minn. Stat. § 181.101 requires every employer to pay "all wages earned" by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals and requires the employer to pay a penalty in the amount of the employee's average daily earnings for up to 15 days if the employer does not make the payment within 10 days of demand.

80.     For purposes of Minn. Stat. § 181.101, wages are earned on the day an employee works and Minn. Stat. § 181.101 provides a substantive right for employees to the payment of wages, including salary, earning, and gratuities, as well as commissions, in addition to the right to be paid at certain times.

81.     Minn. Stat. § 181.13 provides that when an employer discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable.

82.     Minn. Stat. § 181.14 provides that when an employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns must be paid in full no later than the next regularly scheduled payday.

83.     Wages are actually "earned and unpaid" if the employee was not paid for "all time worked" at the employee's regular rate of pay or as required by statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority. Minn. Stat. §§ 181.13(a), 181.14, subd. 1.

84.     Time worked includes "training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or

involved in the performance of duties in connection with his or her employment." Minn. R. 5200.0120, subp. 1.

85.     Minn R. 5200.0120, subp. 1 requires employers to compensate employees for all rest breaks of less than 20 minutes.

86.     Defendant, pursuant to its polices and illegal timekeeping practices, refused and failed to pay Plaintiff and the proposed Minnesota Rule 23 Class for all of their hours worked, in breach of Defendant's contractual obligations.

87.     By failing to properly compensate Plaintiff and the proposed Minnesota Rule 23 Class for all time worked, Defendant violated, and continue to violate, call center agents' statutory rights under Minn. Stat. Minn. Stat. §§ 181.101, 181.13, and 181.14.

88.     Defendant's actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. § 541.07(5).

89.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

90.     Plaintiff and the proposed Minnesota Rule 23 Class seek damages in the amount of their unpaid straight-time and overtime wages for all hours worked, reasonable attorneys' fees and costs for this action, pre- and post-judgment interest, and such other legal and equitable relief as the Court deems proper.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective and Rule 23 Minnesota Class, respectfully requests that this Court grant the following relief against Defendant:

A.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.      Certifying this action as a class action (for the Rule 23 Minnesota Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count II);

C.      Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class/collective members of their rights by law to join and participate in this lawsuit;

D.      Designating Plaintiff as the representative of the FLSA Collective and the Rule 23 Minnesota Class, and undersigned counsel as Class counsel for the same;

E.      Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F.      Finding that Defendant violated the FLSA, the MWPA, and Minn. R. 5200.0120, subp. 1, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

G.      Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Minnesota Class the full amount of compensatory damages and liquidated damages available by law;

H.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

I.      Granting an incentive award for Plaintiff for serving as representative of the FLSA Collective and Rule 23 Minnesota Class members in this action;

J.      Awarding pre- and post-judgment interest on these damages; and

K.      Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA Collective and Rule 23 Minnesota Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Respectfully submitted,

**NICHOLS KASTER, PLLP**

Dated: July 7, 2022            */s/ Michele Fisher*
                               Michele R. Fisher (MN Bar No. 303069)
                               4700 IDS Center
                               80 South Eighth Street
                               Minneapolis, MN 55402
                               fisher@nka.com
                               T: (612) 256-3200
                               F: (612) 338-4878

                               *Local Counsel for Plaintiff*

Eric R. Sands (will PHV)
Jason T. Brown (will PHV)
Nicholas Conlon (will PHV)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
eric.sands@jtblawgroup.com
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
T: (877) 561-0000
F: (855) 582-5297

*Lead Counsel for Plaintiff*